United States Courts
Southern District of Texas
FILED
April 14, 2022
Nathan Ochsner, Clerk of Court

United States District Court
Southern District of Texas
**ENTERED**
April 14, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSE QUINTANA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | MISC. ACTION NO. 7:10-MC-33 |
| | § | |
| DEPARTMENT OF HOMELAND SECURITY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

Plaintiff Jose Quintana wishes to file a mandamus action against the Department of Homeland Security. (Docket No. 1.) Pending before the Court is Plaintiff's "Permission to File In Forma Pauperis." (Docket No. 2.) Plaintiff seeks in forma pauperis (IFP) status in order to proceed with his mandamus action without paying the required $350.00 filing fee. However, because Plaintiff refused to comply with a court order to file a supplemental pleading indicating whether he still desires to proceed with this case, and if so, submit a properly-supported application to proceed in forma pauperis, the undersigned recommends that this action be dismissed for failure to prosecute.

## I. BACKGROUND

In October 2009, a "legal advocate" initially filed this matter in federal court in the Eastern District of Pennsylvania. That court transferred the case to the Houston Division of the Southern District of Texas, and it was subsequently transferred again to the McAllen Division, which is the division in which Plaintiff apparently resides. Plaintiff claims that the Department of Homeland Security violated his due process and equal protection rights when they failed to take any action on his "application for renewal of permanent resident card and a waiver of fee

form" which was pending for over a year. (Docket No. 1.) Along with his mandamus action, Plaintiff also filed a "Permission to File In Forma Pauperis" in which he claimed that "because of my poverty, I cannot prepay the docket fees of my writ of Mandamus or post bond for them." (Docket No. 2.)

However, after reviewing Plaintiff's motion to proceed in forma pauperis, it is apparent that the information he has provided does not meet the requirement that he submit an affidavit that includes "a statement of all assets" he possesses. 28 U.S.C. § 1915(a)(1). In addition, it is also unclear whether Plaintiff still wishes to proceed with this action, since it appears that he has not made any inquiry about his case since it was first filed in Pennsylvania. As such, Plaintiff was ordered to file a supplemental pleading indicating whether he still desires to proceed with this case, and if so, submit a properly-supported application to proceed in forma pauperis within thirty days. (Docket No. 6.) To assist Plaintiff, the Court directed the Clerk to provide Plaintiff with a copy of the standard form for an application to proceed without prepayment of costs. (*Id.*) The thirty days expired long ago, but Plaintiff has failed to comply with the Court's Order. In fact, Plaintiff has failed to respond in any way.

## II. ANALYSIS

Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b). Such a dismissal may be made upon motion by the opposing party or on the court's own motion. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). While a court should be "appropriately lenient" with a party who is proceeding pro se, the "'right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive

2

law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Federal law requires the Clerk to collect a $350 filing fee for a person seeking to file a civil action in federal court.[1] 28 U.S.C. § 1914(a). A person may be permitted to proceed in forma pauperis (without paying the filing fee) by submitting an affidavit disclosing all of his assets to show that he is unable to pay the filing fee. *See* 28 U.S.C. § 1915(a)(1). As the Fifth Circuit has explained, "there is no absolute 'right' to proceed in a civil action without paying a filing fee; this is a procedural privilege that Congress may extend or withdraw." *Strickland v. Rankin Cnty. Corr. Facility*, 105 F.3d 972, 975 (5th Cir. 1997).

Here, Plaintiff has neither paid the filing fee, nor has he complied with the statutory procedure to determine whether he is entitled to proceed in forma pauperis. To make matters worse, he willfully declined to follow the court order that he file a supplemental pleading indicating whether he still desires to proceed with this case, and if so, submit a properly-supported application to proceed in forma pauperis within thirty days. This miscellaneous action should be dismissed for failure to prosecute because Plaintiff both failed to pay the filing fee and failed to comply with a court order. *See McCray v. FBI*, No. 11-cv-87, 2011 WL 621679, at *1 (N.D. Tex. Feb. 15, 2011) (dismissal of a writ of mandamus action where Plaintiff failed to pay the civil filing fee); *see also Greathouse v. Tex. Dep't of Criminal Justice*, 379 F. App'x 403, 404 (5th Cir. 2010) (affirming district court's dismissal of a civil rights complaint where the plaintiff failed to comply with the court's order to pay a filing fee). It appears that no lesser

---

[1] The filing fee to file a civil action in federal court is now $402. *See* 28 U.S.C. § 1914(a).

3

sanction is available, since Plaintiff affirmatively declined to comply with the Court's order regarding his continued interest in this action and an in forma pauperis application.[2]

### III. CONCLUSION

For the foregoing reasons, the undersigned recommends that this miscellaneous action be DISMISSED without prejudice for failure to prosecute.

### NOTICE

The Clerk shall send a copy of this Report and Recommendation to Plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on April 14, 2022.

_____
Nadia S. Medrano
UNITED STATES MAGISTRATE JUDGE

---

[2] A copy of this Report will be sent to Plaintiff at the address he provided. Should Plaintiff respond to the Report by complying with the prior order, the District Court may then wish to consider whether less drastic sanctions might be appropriate.